UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TYLER OSBOURNE,
on behalf of himself and all others
similarly situated,

     Plaintiff,

v.                                    CASE NO.:

NVIROTECT PEST CONTROL
SERVICES, INC. and
CRAIG KURRACK, individually,

     Defendants.

_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff, TYLER OSBOURNE ("Plaintiff"), on behalf of himself and all

others similarly situated, hereby sues Defendants, NVIROTECT PEST CONTROL SERVICES,

INC., and CRAIG KURRACK, individually, ("Defendants") and states as follows:

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2.     Venue lies within the United States District Court for the Middle District of Florida,

Tampa Division because a substantial part of the events giving rise to this claim occurred in this

Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

3.     Defendant, NVIROTECT PEST CONTROL SERVICES, INC., is a Florida

corporation, authorized and doing business in this Judicial District. Nvirotect Pest Control

Services, Inc.'s principal place of business is 16210 N. Florida Avenue, Lutz, FL 33549

4.     Defendant, CRAIG KURRACK, was/is a corporate officer/director of Defendants

with operational control and direct control over the day-to-day operations, including compensation of employees and is therefore an employer under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*

5.      Plaintiff is an adult and a resident of Hillsborough county, Florida.

6.      Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

7.      At all times material, Defendants willfully violated the Fair Labor Standards Act.

8.      Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

9.      Plaintiff requests a jury trial for all issues so triable.

## FACTUAL ALLEGATIONS

10.     Plaintiff, TYLER OSBOURNE, was employed with Defendant from approximately February 14, 2017 until December 10, 2020 as a Pest Control technician.

11.     Plaintiff worked in excess of 40 hours per work week for which he was not compensated by Defendant at a rate of time and one half his regular hourly rate.

12.     Plaintiff worked numerous hours off the clock, including unpaid drive time hours, working through lunch, and arbitrary time card deductions.

13.     Defendant failed to comply with its obligation to keep accurate time records.

14.     Plaintiff can provide a reasonable estimate of hours worked but the documents necessary to make such estimate are in the possession of Defendant.

15.     Plaintiff has retained the services of Florin Gray Bouzas Owens, LLC and is obligated to pay his legal counsel a reasonable fee for their services.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

16.     Plaintiff alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through fifteen (15).

17.     Defendants are subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

18.     Defendants, Nvirotect Pest Control Services, Inc., and Craig Kurrack are a common enterprise and/or joint employers of Plaintiff, engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

19.     The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

20.     Throughout his employment with Defendants, Plaintiff worked in excess of forty (40) hours per week, for which she was not  compensated at the overtime rate.

21.     Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendants.

22.     Defendants' failure to pay Plaintiff overtime  at a rate less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week violates the FLSA, 29 U.S.C. §§201 *et seq.,* including 29 U.S.C. § 207.

23.     Defendants knew or had reason to know that Plaintiff performed work outside of his regular schedule and therefore worked in excess of forty (40) hours per work week.

24.     Defendants' violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

25.     As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA, and has incurred reasonable attorneys' fees and costs.

26.     As a result of Defendants' violations of the FLSA, Plaintiff is entitled liquidated damages.

27.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, TYLER OSBOURNE, respectfully requests that judgment be entered in his favor against Defendants, NVIROTECT PEST CONTROL SERVICES, INC., and CRAIG KURRACK, individually, awarding the following damages:

      a.     Overtime compensation in the amount due to his for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

      b.     Liquidated damages in an amount equal to the overtime award;

      c.     Prejudgment interest;

      d.     Reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

      e.     A judicial determination that the FLSA was violated and an adjudication on the merits of the case;

      f.     Any other further relief the Court deems just and proper.

## COUNT II
## FAIR LABOR STANDARDS ACT (COLLECTIVE ACTION)

28.     Plaintiff alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-seven (27).

29.     The claim for violation of the FLSA is brought pursuant to 29 U.S.C. § 216(b) for all claims asserted by Plaintiff, on behalf of himself and all others similarly-situated, because Plaintiff's claims are similar to the claims of the members of the prospective class.

30.     At all times material, Defendants failed to comply with 29 U.S.C. § 201 *et seq.*, in that individuals similarly-situated to Plaintiff worked for Defendants in excess of the maximum hours allowed by law, but no provision was made by Defendants to compensate such individuals at the rate of time and one-half their regular rate of pay for the overtime hours worked.

31.     Plaintiff, and all others similarly situated, allege violations of the FLSA on behalf of all persons who were, are, or will be employed by Defendants in hourly, non-exempt positions during the applicable statute of limitations, who have not been compensated at one and one-half times their regular rate of pay for all overtime hours worked.

32.     The putative class members are current, former, and future hourly, non-exempt employees of Defendants who worked as Pest Control technicians or similar positions and worked in excess of forty hours in at least one work week during the past three (3) years.

33.     Treatment of this case as a collective action is proper because all putative class members were subject to the same policies and practices related to their compensation as employees of Defendant.

34.     The names and addresses of the putative class members are available from Defendants for the purpose of providing notice to prospective class members in a form and manner to be approved by the Court.

35.     Defendants failure to pay such similarly-situated individuals the required overtime pay was intentional and willful.

36.     As a direct and legal consequence of Defendants unlawful acts, individuals similarly-situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE,** Plaintiff, TYLER OSBOURNE, individually and on behalf of all others similarly-situated, respectfully requests all legal and equitable relief allowed by law including, but not limited to:

a.     Designation of this action as a collective action on behalf of Plaintiff and all others similarly-situated;

b.     Judgment against Defendants for overtime compensation, liquidated damages, and prejudgment interest;

c.     Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

d.     An adjudication on the merits of the case; and

e.     Such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

37.     Plaintiff, on behalf of himself and all others similarly situated, demands a trial by jury.

Dated this 8th day of February 2021.

FLORIN GRAY BOUZAS OWENS, LLC

*/s/Wolfgang M. Florin*_____
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
Primary:        wolfgang@fgbolaw.com
Secondary:     debbie@fgbolaw.com
**CHRISTOPHER D. GRAY, ESQUIRE**
Florida Bar No.: 902004
chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiff