# SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE (hereinafter "Release") is made and entered into by and between **TYLER OSBORNE** ("Employee"), and **NVIROTECT PEST CONTROL SERVICES, INC.**, and **CRAIG KURRACK**, individually (collectively hereinafter "Employer"). Employee was previously employed by Employer. The parties desire to settle any and all disputes between them on terms that are mutually agreeable. Accordingly, in consideration of the mutual promises set forth below, Employer and Employee agree as follows:

1. Employer will provide Employee with a sum of money specified below in return for Employee's execution of this release, which is intended to fully and finally resolve the specified matter between Employer and Employee on terms that are mutually agreeable.

2. This Agreement does not constitute and shall not be construed as an admission by Employer of any violation by the Employer or any of the Released Parties of any federal, state, or local law, ordinance, or regulation, or of any violation of any policy or procedure, or of any liability or wrongdoing whatsoever to Employee. None of the parties are entering into this Agreement because of any wrongful acts of any kind. Nothing in this Agreement shall be admissible or construed as admissible in any proceeding as evidence of liability or wrongdoing by Employer or any of the Released Parties. This Agreement may be introduced, however, in any proceeding to enforce the Agreement.

3. Employee promises and obligates himself to perform the following covenants under this Release:

    a.) Acting for himself, his heirs, personal representatives, administrators and anyone claiming by or through him, Employee unconditionally and irrevocably releases, acquits and discharges Employer and their Releasees from any liability for the claims specified below in subparagraph ii.

    i) The phrase "Employer" shall collectively mean Nvirotect Pest Control Services, Inc., and Craig Kurrack, individually. The "Releasees" of Employer shall include their related entities, as well as the persons or entities who have any of the following past or present relationships to Employer or any of its related entities: owners, executives, directors, officers, joint venture partners, partners, limited partners, shareholders, supervisors, employees, trustees, representatives, successors, assigns, subsidiaries, affiliates, parents, insurers, and reinsurers.

    ii) The term "Claims" shall mean any claim by Employee against Employer and/or its Releasees for unpaid overtime wages or compensation that is asserted by Employee in the case currently pending in the United States District Court for the Middle District of Florida Tampa Division with the Case No.: 8:21-CV-0300-KKM-SPF or that could have been pleaded in that lawsuit based upon the facts asserted in Employee's Complaint.

b.) Employee waives and relinquishes any rights that Employee may have to claim reimbursement from Employer and their Releasees for attorney's fees, litigation costs or expenses that Employee may have incurred in the course of obtaining legal advice on any matter related to any claim specified in paragraph 3(a)(ii), except as otherwise expressly provided for herein.

c.) Employee agrees to cooperate with Employer in filing a Motion for Approval and any other pleadings or papers that the Court may require as a condition of dismissal.

d.) Employee shall comply with all other terms of this Release as provided for herein.

4. Employer promises and obligates itself to perform the following covenants under this Release:

   a.) Employer shall provide Employee with a payment in the gross amount of $19,000.00 as follows:

      i) a check to Employee in the amount of $500, less all usual taxes and deductions, in compromise of Employee's contested claims for back wages.

      ii) a check to Employee in the amount of $500 in compromise of Employee's contested claims for liquidated damages.

      iii) a check to Florin Gray Bouzas Owens, LLC in the amount of $18,000, to cover attorney's fees and costs incurred by Employee in seeking legal advice.

   b.) The sum described above shall be delivered to Florin Gray Bouzas Owens, LLC no later than 10 days after the later of the following two events:

      i) Employer receives an executed copy of this Release from Employee; and

      ii) The United States District Court for the Middle District of Florida Tampa Division issues an order dismissing this case with prejudice.

   c.) Employer shall issue an IRS Form W-2 for the payment described in paragraph 4(a)(i) above and an IRS Form 1099 for the payments described in paragraphs 4(a)(ii) and (iii) above.

   d.) Employer shall comply with all other terms of this Release as provided for herein.

5. Employee agrees that each of the following statements is truthful and accurate:

Osborne's Initials: _I.O_     Page 2 of 5

    a.)    Employee is of sound mind and body.

    b.)    Employee has sufficient education and experience to make choices for himself that may affect his legal rights.

    c.)    Employee has full legal capacity to make decisions for himself.

    d.)    Employee is aware that this Release has significant legal consequences.

    e.)    Employee has consulted with an attorney of his choice prior to signing this Release.

    f.)    Employee has decided to sign this Release of his own free will, and his decision to sign this Release has not been unduly influenced or controlled by any mental or emotional impairment or condition.

    g.)    Employee is not executing this Release because of any duress or coercion imposed on him by anyone.

6. Employee represents that he has not sold, transferred, or assigned to a third party any claims that he may have. Employee represents that any claims that he may have are unencumbered and otherwise within his power to dispose of.

7. Except as otherwise specifically provided herein, any and all prior understandings or agreements between Employee and Employer with respect to the subject matter of this Release are superseded by this Release, which fully and completely expresses the entire agreement and understanding of the parties with respect to the subject matter hereof.

8. This Release shall not be orally amended, modified, or changed. No change, amendment, or modification to the terms of this Release shall be valid unless such change, amendment, or modification is memorialized in a written agreement between the parties that has been signed by Employee and by duly authorized officers or representatives of Employer and that specifically references both this Release and the provisions herein that are to be amended, modified, or changed.

9. In the event of a breach of this Release by either party, the other party shall be entitled to seek enforcement of this Release before a state or federal court of competent jurisdiction located in Hillsborough County, Florida and the state and federal courts located in Hillsborough County, Florida shall be deemed to have exclusive jurisdiction and venue over any litigation related to or arising from this Release. This Release shall not be construed to waive any right of removal that may apply to any action filed in state court by either party to this Release.

10. In the event a breach of the Release is proven, the non-breaching party may recover, in addition to damages, the costs and fees (including attorney fees or paralegal fees) reasonably incurred in connection with the lawsuit that establishes breach.

Osborne's Initials: T.O.            Page 3 of 5

11. The language of all parts of this Release shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. As used in this Release, the singular or plural shall be deemed to include the other whenever the context so indicates or requires.

12. Should any provision of this Release be declared or be determined by any court to be illegal or invalid, the remaining parts, terms or provisions shall remain valid unless declared otherwise by the court. Any part, term or provision which is determined to be illegal or invalid shall be deemed not to be a part of this Release.

13. The parties agree that a true copy of this Release may be used in any legal proceeding in place of the original and that any such true copy shall have the same effect as the original.

14. The parties agree that this Release may be signed and delivered by facsimile or electronic mail and in counterparts. It may also be electronically signed by each of the parties through the use of DocuSign or such other commercially available electronic signature software which results in confirmed signatures delivered electronically to each of the parties, which shall be treated as an original as those in-signed by officers or other duly authorized representatives of each party. If this Release is executed in two or more counterparts, each of the counterparts shall be deemed an original and all of which together shall constitute one and the same instrument.

**SIGNATURES REQUIRED ON FOLLOWING PAGE**

Osborne's Initials: _I. O_                      Page 4 of 5

**PLEASE READ CAREFULLY. THIS RELEASE INCLUDES
A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

Executed at <u>Tampa, FL</u> this <u>27</u> day of <u>October</u>, 2021.
           place         date             month

_____
TYLER OSBORNE


Executed at _____ this ___ day of _____, 2021.
           place      date        month

NVIROTECT PEST CONTROL SERVICES, INC.

_____
By:    Craig Kurrack
Title:  Owner


Executed at _____ this ___ day of _____, 2021.
           place      date        month

_____
CRAIG KURRACK, in his individual capacity

Osborne's Initials: <u>T.O</u>        Page 5 of 5

**PLEASE READ CAREFULLY. THIS RELEASE INCLUDES
A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

Executed at _____ this ____ day of _____, 2021.
               place        date         month

_____
TYLER OSBORNE

Executed at _____ this ____ day of _____, 2021.
               place        date         month

NVIROTECT PEST CONTROL SERVICES, INC.

_____
By:    Craig Kurrack
Title: Owner

Executed at _____ this ____ day of _____, 2021.
               place        date         month

_____
CRAIG KURRACK, in his individual capacity

DEFENDANTS' SIGNATURES ARE FORTHCOMING. THE SETTLEMENT AGREEMENT EXECUTED BY DEFENDANTS WILL BE FILED WITH THE COURT AS SOON AS IT IS RECEIVED.